UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron Cherry, | Civ. No. 25-4041 (JWB/EMB) |
| Plaintiff, | |
| v. | |
| Hennepin County ADC City Hall; Minnesota Health; Hospitality Solution Staffing; Guarda Security; Ramsey County Correctional Facility; Hennepin County Department of Human Resources; Pursuit Hometal; Clear Lake Dental, *W. St. Paul MN*; Minnesota Programming Volunteers, *Department of Human Resources*; Sgt. Petrode; Morad; Montean; Sarsfield; and Laura Tiffany, | **ORDER** |
| Defendants. | |

Between July 2019 and July 2025, Plaintiff Aaron Cherry filed at least six unsuccessful lawsuits against various entities. In most cases, the judge dismissed the action before service for various reasons, often including that Cherry's allegations were difficult or impossible to understand.[1]

---

[1] *See Cherry v. Ramsey Cnty. Corr. Facility*, No. 19-CV-1894 (ADM/SER), Order 1 (D. Minn. Sept. 27, 2019) (adopting recommendation that matter be dismissed for failure to prosecute after Cherry failed to amend complaint); *Cherry v. Hennepin Cnty. ADC*, No. 24-CV-03951 (JMB/TNL), 2025 WL 566324, at *1 (D. Minn. Feb. 20, 2025) (adopting recommendation that matter be dismissed for failure to prosecute after Cherry failed to provide service information); *Cherry v. Guarda Sec.*, No. 25-CV-2146 (PAM/DLM), Order 1–2 (D. Minn. May 20, 2025) (dismissing action because court "[did] not understand what Cherry alleges or why he claims that Defendants have violated the law"); *Cherry v. Hennepin County ADC*, No. 25-CV-2145 (NEB/DJF), Order

In dismissing Cherry's most recent action, United States District Judge Donovan W. Frank observed that the complaint in No. 25-CV-2633 appeared to "name[] all the defendants Cherry endeavored to sue in his other lawsuits in this District." *Cherry*, 2025 WL 2182692, at *1. Judge Frank explained that Cherry's effort to combine his prior suits into a single action violated the Federal Rules of Civil Procedure's joinder provisions and that "Cherry's claims [were] mostly indecipherable." *Id.* at *2. Judge Frank therefore dismissed the case and warned Cherry that continued failure to "take care that his claims are reasonably developed in fact and law" could result in filing restrictions. *Id.* Cherry had already received at least one warning about a potential filing restriction in an earlier Order in June 2025. *See* June 2025 Order 3.

Judge Frank entered his order on June 30, 2025. Cherry filed this action less than four months later. (*See* Doc. No. 1, Compl.) Because Cherry seeks to proceed *in forma pauperis* (*see* Doc. No. 2), his Complaint must be screened before service under 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or fails to state a claim.

This action lists nearly the same defendants as No. 25-CV-2633, except it also lists a dental office. (*See* Compl. 1, 3.) This case therefore has the same joinder defect Judge Frank identified only compounded by the addition of the dental office. The Complaint's

---

1–4 (D. Minn. June 3, 2025) (dismissing action because court "[could not] discern, despite its best efforts, what Cherry is alleging happened or how the law was purportedly violation") ("June 2025 Order"); *Cherry v. Pursuit Hometel*, No. 25-CV-2147 (JMB/DLM), Order 2 (D. Minn. June 23, 2025) (dismissing action because court "[was] unable to identify facts supporting any legal claim or clearly explaining what conduct any Defendant took that would give rise to civil liability"); *Cherry v. Hennepin Cnty. ADC*, No. 25-CV-2633 (DWF/EMB), 2025 WL 2182692, at *2 (D. Minn. June 30, 2025) (dismissing action for reasons discussed later in this order).

factual allegations are also hard to follow and fail to state any plausible claims, like the prior case. They are not plain and clear, and the same Rule 8 problem persists. (*See generally id.* at 3–4); *see also* Fed. R. Civ. P. 8. This action is therefore dismissed without prejudice under 28 U.S.C. § 1915(e)(2) and Cherry's application to proceed *in forma pauperis* is denied as moot.

Cherry is warned again that if he continues to file claims that are not reasonably developed in fact and law or that are duplicative of prior case filings, he will likely be placed under filing restrictions in this District.

## ORDER

Based on the above, and all the files, records, and submissions in this case,

**IT IS HEREBY ORDERED** that:

1. This action is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2); and

2. Plaintiff Aaron Cherry's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: November 26, 2025

  *s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge